## Goliat v. Butler Consolidated Coal Co.

*Arthur L. McLaughlin, Jr.*, and *Samuel Krimsly*, for claimant.

*Karl E. Weise*, for defendant.

RICHARDSON, J., July 29, 1943.—This is an appeal by claimant from a decision of the Workmen's Compensation Board dismissing a claim petition under which a referee awarded claimant the sum of $18.75 as reimbursement for transportation expenses incurred in receiving medical treatment for a leg injured in an accident in the course of claimant's employment. The board sustained defendant's appeal and dismissed the petition.

Claimant struck his right foot with a pick while employed by defendant on January 9, 1942. He lost no time from work. He received medical attention from

a doctor who was not employed by defendant, but who took care of approximately two thirds of the workmen injured in defendant's mine. The office of this doctor is 12½ miles from claimant's home and claimant was required to use his automobile in getting to and from the doctor's office. It was estimated that the round trip was about 25 miles, and that the cost per mile was five cents.

The only question involved in the case is whether claimant is entitled to recover mileage in the amount of $18.75, which the referee awarded after finding that the trips were necessary in the treatment of claimant's injury.

In section 306(e) of The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 4, 1937, P. L. 1552, the employer was required to furnish reasonable medical services to an injured employe. It was specifically provided:

"The employer shall also furnish to the employe, or pay the cost of, transportation to and from the place where such services are rendered, and reimbursement for such costs assumed by the employe may be enforced as payments of compensation are enforced."

However, The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520, 77 PS §531, amended this section, and the provision above quoted was omitted. It would seem that the failure of the legislature specifically to reënact this particular provision is a conclusive indication that the omission was intentional, and that expenses for transportation cannot be allowed. In the face of the omission, we cannot adopt the interpretation of "reasonable surgical and medical services" which counsel for claimant urges upon us, which interpretation would include transportation as a part of the services. We must construe the section, as amended, in the light of the former law which was repealed, and hold that the provisions of the Act of 1937 which were not reënacted in the Act of 1939 are abrogated.

The decision of the Workmen's Compensation Board is affirmed and the appeal dismissed.

### Order of court

And now, July 29, 1943, the above-entitled case having come on to be heard on oral argument in open court, upon consideration thereof it is ordered that claimant's exceptions to the decision of the Workmen's Compensation Board are overruled, and the order of the Workmen's Compensation Board, dismissing claimant's claim petition, be and it is hereby affirmed and judgment is directed to be entered in favor of defendant.